UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DENISE BRANSKI,
Individually and on behalf
of others similarly situated,

        Plaintiff,

        v.                       Case Number: 2:14-cv-1418

BMO FINANCIAL CORP.,

        Defendant.

---

## COLLECTIVE ACTION COMPLAINT

---

    1.    This is a collective action brought by Plaintiff Denise Branski, individually and on behalf of the members of the proposed collective class identified below. Plaintiff and the putative collective class members are or were, employed as Service Managers by BMO Financial Corp. ("BMO"). Under BMO's uniform policies, Plaintiff Branski and similarly situated Service Managers are and were denied payment of overtime premium wages at one and one-half times the regular rate for hours worked over forty (40) hours per workweek. The Plaintiff and similar situated Service Managers have suffered a wage loss as the result of this policy. The Plaintiff and the putative class members are similarly situated under 29 U.S.C. § 216(b), as they suffered identical wage losses under these policies.

    2.    The Plaintiff and the Collective Overtime Class also bring a supplemental Cause of Action for non-payment of overtime wages in violation of Wis. Stat. Ch. 109.

### JURISDICTION AND VENUE

    3.    This court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District and Defendant has substantial and systematic contacts in this District.

### DEMAND FOR A JURY TRIAL

6. Plaintiff hereby requests a trial by jury, pursuant to Fed.R. Civ.P. 38(b).

### PARTIES

7. Plaintiff Denise Branski ("Branski"), is an adult who resides at 11200 West Carroll Circle, Franklin, Wisconsin 53132. Branski was employed by BMO during the time period prescribed by the applicable statutes of limitations. Branski's Notice of Consent to Join this collective action, pursuant to 29 U.S.C. 216(b) is attached hereto as Exhibit A and made a part of this Complaint.

8. Branski brings this action individually and on behalf of all other similarly situated employees, as authorized under the FLSA, 29 U.S.C. § 216(b). The Collective Overtime Class is defined as follows:

> All current and former salaried Service Managers who are or have been employed by BMO Financial Corp. (d/b/a BMO Harris Bank) who were classified as exempt and not paid at a rate of one and one-half times their regular rate of pay for hours worked over forty (40) hours in any given workweek from September 2013 to the present and continuing.

9. Defendant BMO is a corporation organized and existing under the laws of the State of Illinois that provides financial and banking services. BMO is engaged in an industry affecting commerce, and has had significant and continuous business contacts throughout the State of Wisconsin. BMO has a principal place of business located at 111 W. Monroe St., 19 E Legal, Chicago, Illinois 60603.

## OPERATIVE FACTS

10. BMO operates a branch office at 7000 South 76th Street, Franklin, Wisconsin, 53132.

11. Plaintiff and the Collective Overtime Class work or have worked for BMO as Service Managers throughout Wisconsin since September 2013.

12. Plaintiff and the Collective Overtime Class are or were misclassified as exempt employees because they are not employed in a bona fide executive, administrative, or professional capacity.

13. Plaintiff and the Collective Overtime Class do not perform primary duties directly related to management or general business operations.

14. Plaintiff and the Collective Overtime Class do not perform primary duties that include the exercise of discretion and/or independent judgment.

15. Plaintiff and the Collective Overtime Class do not perform primary duties of management of the enterprise or a recognized subdivision thereof.

16. Plaintiff and the Collective Overtime Class do not customarily and regularly direct the work of two or more other employees.

17. Plaintiff and the Collective Overtime Class do not have the authority to hire or fire persons and their opinions or recommendations were not sought and were not given particular weight regarding the hiring, firing, and promotion of individuals.

18. Plaintiff and the Collective Overtime Class are not employed in a managerial capacity as contemplated by Wis. Stat. Ch. 109.

19. BMO establishes the weekly schedule for the Plaintiff and the Collective Overtime Class, including requiring Service Managers to work more than forty (40) hours in a workweek.

20. Plaintiff and the Collective Overtime Class have regularly worked in excess of forty (40) hours in a week in various workweeks since September 2013.

21. BMO's policy is to pay its Service Managers a fixed, weekly rate for the work they perform regardless of the number of hours of work performed.

22. BMO's policy is to compensate its Service Managers at their same flat weekly rates for all hours worked in a workweek, including hours worked over forty (40) in a workweek.

23. As a result of BMO's policy to pay its Service Managers their same flat weekly rates, regardless of the number of hours of work they performed in a workweek, BMO did not pay Plaintiff and its Service Managers overtime compensation at time and one-half their regular rates for hours worked over forty (40) in a workweek during the relevant statutory period.

24. BMO does not maintain complete and accurate time records for Plaintiff and the Collective Overtime Class.

25. BMO's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Overtime Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26. Plaintiff and the Collective Overtime Class are and have been similarly situated, are and have been subject to substantially similar pay policies, and are and have been subject to BMO's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules by which BMO willfully failed and refused to compensate them for each hour worked including overtime compensation. The claims of Plaintiffs stated herein are the same as those of the Collective Overtime Class.

27. Plaintiff and the Collective Overtime Class seek relief on a collective basis challenging, among other FLSA violations, BMO's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation for hours worked over forty (40) in a workweek.

28. The FLSA Section 216(b) Collective Overtime Class is readily ascertainable. For purposes of notice and other purposes related to this action, class members' names, phone numbers, social security numbers, and addresses are readily available from BMO. Notice can be

- 4 -
Case 2:14-cv-01418-PP   Filed 11/11/14   Page 4 of 9   Document 1

provided to the Collective Overtime Class via first class mail to the last address known to BMO and through posting at the BMO facilities in areas where postings are normally made.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FLSA

29. As and for a first claim for relief, Plaintiff, individually and on behalf of the Collective Overtime Class, re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

30. Since September 2013, Plaintiff and the Collective Overtime Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

31. BMO is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

32. Since September 2013, BMO is and was an employer of the Plaintiff and the Collective Overtime Class, as provided under the FLSA.

33. BMO violated the FLSA by failing to account for and pay Plaintiff and the Collective Overtime Class mandated overtime premium compensation for each hour that each class member worked each workweek.

34. Plaintiff and the Collective Overtime Class are entitled to damages equal to mandated overtime premium pay within the three years prior to the filing of the complaint, plus periods of equitable tolling because BMO acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

35. BMO's failure to properly compensate Plaintiff and the Collective Overtime Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff and the Collective Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

36. Alternatively, should the Court find that BMO did not act willfully in failing to pay mandated overtime premium wages, Plaintiff and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

37. Pursuant to 29 U.S.C. § 216(b), if successful, Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in prosecuting this lawsuit for unpaid overtime premium compensation.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF WISCONSIN WAGE CLAIM LAW

38. As and for a second claim for relief, Plaintiff, individually and on behalf of the Collective Overtime Class, re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39. Since September 2013, Plaintiff and the Collective Overtime Class were employees within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01.

40. Since September 2013, BMO was an employer within the meaning of Wis. Stat. § 109.01.

41. Since September 2013, BMO was an employer within the meaning of Wis. Stat. § 103.001.

42. Since September 2013, BMO was an employer within the meaning of Wis. Stat. § 104.01.

43. Since September 2013, BMO was an employer within the meaning of Wis. Admin Code DWD 272.01.

44. Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Stat. § 109.01 *et seq*.

45. Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Stat. § 103.01 *et seq*.

46. Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Stat. § 104.01 *et seq*.

47. Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Admin Code DWD 272.01 *et seq*.

48. Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Admin Code DWD 274.01 *et seq*.

49. Throughout the statutory period, Plaintiff and the Collective Overtime Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

50. At all relevant times, BMO had and continues to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs the mandated overtime compensation.

51. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

52. The foregoing conduct constitutes continuing, willful violations of Wisconsin law requiring the payment of overtime wages.

53. Plaintiffs have sustained losses in their compensation as a proximate result of BMO's violations of Wisconsin law.

54. Accordingly, Plaintiffs seek damages in the amount of their respective unpaid compensation, injunctive relief requiring BMO to cease and desist from its violation of the Wisconsin law described herein and to comply with it, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Collective Overtime Class may be entitled to exemplary damages equal and up to fifty percent (50%) of the unpaid wages.

55. Plaintiff and the Collective Overtime Class seek recovery of attorneys' fees and the costs of this action to be paid by BMO, pursuant to Wisconsin law.

- 7 -
Case 2:14-cv-01418-PP   Filed 11/11/14   Page 7 of 9   Document 1

WHEREFORE plaintiff, Denise Branski, individually and on behalf of all members of the Collective Overtime Class, demand relief as follows:

A. An order designating this action as a collective action on behalf of the Collective Overtime Class and issuance of notices, pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B. An order designating Denise Branski as the Named Plaintiff and as representative of the Collective Overtime Class and an incentive award commensurate to her efforts in bringing this action;

C. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or by any other method approved by the Court;

D. Issuance of an order, pursuant to 28 U.S.C. § 2201-2202, declaring and finding that BMO's actions described in this Complaint are unlawful and in violation of Wisconsin law;

E. An order finding that BMO's violations of the FLSA and Wisconsin law were willful;

F. Judgment against BMO in the amount equal to the Plaintiff's and the Collective Class's, and the Wisconsin Class's unpaid wages at the applicable overtime rates;

G. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin law;

H. An award in the amount of all costs and attorneys' fees incurred prosecuting these claims; and

I. Such further relief as the Court deems just and equitable.

Dated this 11th day of November, 2014.

s/Alan C. Olson
Alan C. Olson, Bar No. 1008953
Jennifer J. Allen, Bar No. 1059453
Attorneys for Plaintiff

Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: <u>AOlson@Employee-Advocates.com</u>