IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DENISE BRANSKI, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BMO FINANCIAL CORP.,<br><br>Defendant. | Civil Action No. 2:14-cv-1418 |

# ANSWER

Defendant, BMO FINANCIAL CORP., by its attorneys, in answer to the Complaint, states as follows.

## ALLEGATION NO. 1:

This is a collective action brought by Plaintiff Denise Branski, individually and on behalf of the members of the proposed collective class identified below. Plaintiff and the putative collective class members are or were, employed as Service Managers by BMO Financial Corp. ("BMO"). Under BMO's uniform policies, Plaintiff Branski and similarly situated Service Managers are and were denied payment of overtime premium wages at one and one-half times the regular rate for hours worked over forty (40) hours per workweek. The Plaintiff and similar situated Service Managers have suffered a wage loss as the result of this policy. The Plaintiff and the putative class members are similarly situated under 29 U.S.C. § 216(b), as they suffered identical wage losses under these policies.

## ANSWER:

Defendant admits that Plaintiff purports to bring a collective action on behalf of herself and other Service Managers under the Fair Labor Standards Act. Defendant denies that BMO Financial Corp. was Plaintiff's employer and states that Plaintiff was employed by BMO Harris Bank N.A. Defendant denies the other allegations.

## ALLEGATION NO. 2:

The Plaintiff and the Collective Overtime Class also bring a supplemental Cause of Action for non-payment of overtime wages in violation of Wis. Stat. Ch. 109.

### ANSWER:

Defendant admits that Plaintiff purports to bring a supplemental claim on behalf of herself and other Service Managers under Wis. Stat. Ch. 109, but denies the other allegations.

## JURISDICTION AND VENUE

## ALLEGATION NO. 3:

This court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.*

### ANSWER:

Admit.

## ALLEGATION NO. 4:

The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### ANSWER:

Admit.

## ALLEGATION NO. 5:

Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District and Defendant has substantial and systematic contacts in this District.

### ANSWER:

Admit with respect to BMO Harris Bank N.A. but deny with respect to BMO.

DEMAND FOR A JURY TRIAL

**ALLEGATION NO. 6:**

Plaintiff hereby requests a trial by jury, pursuant to Fed.R. Civ. P. 38(b).

**ANSWER:**

Admit.

## PARTIES

**ALLEGATION NO. 7:**

Plaintiff Denise Branski ("Branski"), is an adult who resides at 11200 West Carroll Circle, Franklin, Wisconsin 53132. Branski was employed by BMO during the time period prescribed by the applicable statutes of limitations. Branski's Notice of Consent to Join this collective action, pursuant to 29 U.S.C. 216(b) is attached hereto as Exhibit A and made a part of this Complaint.

**ANSWER:**

Defendant admits that Plaintiff was employed by BMO Harris Bank N.A. from 03/01/2008 to the present. Defendant admits that some of Plaintiff's employment falls within the applicable statute of limitations but denies that all of her employment falls within the applicable statute of limitations. Defendant admits the other allegations.

**ALLEGATION NO. 8:**

Branski brings this action individually and on behalf of all other similarly situated employees, as authorized under the FLSA, 29 U.S.C. § 216(b). The Collective Overtime Class is defined as follows:

> All current and former salaried Service Managers who are or have been employed by BMO Financial Corp. (d/b/a BMO Harris Bank) who were classified as exempt and not paid at a rate of one and one-half times their regular rate of pay for hours worked over forty (40) hours in any given workweek from September 2013 to the present and continuing.

**ANSWER:**

Defendant admits that Plaintiff purports to bring a collective action on behalf of herself and the class of other Service Managers as defined in this allegation, but denies that collection action treatment is appropriate and denies the other allegations.

**ALLEGATION NO. 9:**

Defendant BMO is a corporation organized and existing under the laws of the State of Illinois that provides financial and banking services. BMO is engaged in an industry affecting commerce, and has had significant and continuous business contacts throughout the State of Wisconsin. BMO has a principal place of business located at 111 W. Monroe St., 19 E Legal, Chicago, Illinois 60603.

**ANSWER:**

Defendant admits that BMO Harris Bank N.A. is a national banking association that provides financial and banking services, is engaged in an industry affecting commerce, has significant and continuous business contacts in the State of Wisconsin and has its principal place of business at 111 West Monroe Street, Chicago, Illinois 60603. Defendant denies all other allegations.

OPERATIVE FACTS

**ALLEGATION NO. 10:**

BMO operates a branch office at 7000 South 76th Street, Franklin, Wisconsin, 53132.

**ANSWER:**

Admit with respect to BMO Harris Bank N.A. but deny with respect to BMO.

**ALLEGATION NO. 11:**

Plaintiff and the Collective Overtime Class work or have worked for BMO as Service Managers throughout Wisconsin since September 2013.

**ANSWER:**

Defendant admits that Plaintiff has worked as a Service Manager for BMO Harris Bank N.A. in Wisconsin since September 2013. Defendant denies that Plaintiff worked for BMO. Defendant is without information or knowledge sufficient to form a belief as to the other allegations.

**ALLEGATION NO. 12:**

Plaintiff and the Collective Overtime Class are or were misclassified as exempt employees because they are not employed in a bona fide executive, administrative, or professional capacity.

**ANSWER:**

Deny.

**ALLEGATION NO. 13:**

Plaintiff and the Collective Overtime Class do not perform primary duties directly related to management or general business operations.

**ANSWER:**

Deny.

**ALLEGATION NO. 14:**

Plaintiff and the Collective Overtime Class do not perform primary duties that include the exercise of discretion and/or independent judgment.

**ANSWER:**

Deny.

**ALLEGATION NO. 15:**

Plaintiff and the Collective Overtime Class do not perform primary duties of management of the enterprise or a recognized subdivision thereof.

**ANSWER:**

Deny.

**ALLEGATION NO. 16:**

Plaintiff and the Collective Overtime Class do not customarily and regularly direct the work of two or more other employees.

**ANSWER:**

Deny.

**ALLEGATION NO. 17:**

Plaintiff and the Collective Overtime Class do not have the authority to hire or fire persons and their opinions or recommendations were not sought and were not given particular weight regarding the hiring, firing, and promotion of individuals.

**ANSWER:**

Deny.

**ALLEGATION NO. 18:**

Plaintiff and the Collective Overtime Class are not employed in a managerial capacity as contemplated by Wis. Stat. Ch. 109.

**ANSWER:**

Deny.

**ALLEGATION NO. 19:**

BMO establishes the weekly schedule for the Plaintiff and the Collective Overtime Class, including requiring Service Managers to work more than forty (40) hours in a workweek.

**ANSWER:**

Defendant admits that BMO Harris Bank N.A. officials including Service Managers, establish weekly schedules for Service Managers. Defendant denies that Service Managers are always required to work more than 40 hours in a work week.

**ALLEGATION NO. 20:**

Plaintiff and the Collective Overtime Class have regularly worked in excess of forty (40) hours in a week in various workweeks since September 2013.

**ANSWER:**

Defendant admits on information and belief that Plaintiff frequently worked in excess of forty hours in a week since September 2013. Defendant denies the other allegations.

**ALLEGATION NO. 21:**

BMO's policy is to pay its Service Managers a fixed, weekly rate for the work they perform regardless of the number of hours of work performed.

**ANSWER:**

Defendant admits with respect to BMO Harris Bank N.A. because Service Managers are exempt employees. Defendant denies with respect to BMO.

**ALLEGATION NO. 22:**

BMO's policy is to compensate its Service Managers at their same flat weekly rates for all hours worked in a workweek, including hours worked over forty (40) in a workweek.

**ANSWER:**

Defendant admits with respect to BMO Harris Bank N.A. because Service Managers are exempt employees. Defendant denies with respect to BMO.

**ALLEGATION NO. 23:**

As a result of BMO's policy to pay its Service Managers their same flat weekly rates, regardless of the number of hours of work they performed in a workweek, BMO did not pay Plaintiff and its Service Managers overtime compensation at time and one-half their regular rates for hours worked over forty (40) in a workweek during the relevant statutory period.

### ANSWER:

Defendant admits with respect to BMO Harris Bank N.A. because Service Managers are exempt employees. Defendant denies with respect to BMO.

### ALLEGATION NO. 24:

BMO does not maintain complete and accurate time records for Plaintiff and the Collective Overtime Class.

### ANSWER:

Deny.

### ALLEGATION NO. 25:

BMO's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Overtime Class.

### ANSWER:

Deny.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

### ALLEGATION NO. 26:

Plaintiff and the Collective Overtime Class are and have been similarly situated, are and have been subject to substantially similar pay policies, and are and have been subject to BMO's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules by which BMO willfully failed and refused to compensate them for each hour worked including overtime compensation. The claims of Plaintiffs stated herein are the same as those of the Collective Overtime Class.

### ANSWER:

Defendant admits that Plaintiff and other Service Managers are subject to certain pay policies, plans, programs, practices, procedures, protocols, routines and rules that are substantially similar and are not paid overtime compensation for hours worked over 40 per work week. Defendant denies the other allegations and states that certain policies, plans, programs,

practices, procedures, protocols, routines and rules differ depending on the branch where a Service Manager works.

**ALLEGATION NO. 27:**

Plaintiff and the Collective Overtime Class seek relief on a collective basis challenging, among other FLSA violations, BMO's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation for hours worked over forty (40) in a workweek.

**ANSWER:**

Defendant denies that Plaintiff and the Collective Overtime Class are entitled to collective action treatment or any relief. Defendant admits the other allegations.

**ALLEGATION NO. 28:**

The FLSA Section 216(b) Collective Overtime Class is readily ascertainable. For purposes of notice and other purposes related to this action, class members' names, phone numbers, social security numbers, and addresses are readily available from BMO. Notice can be provided to the Collective Overtime Class via first class mail to the last address known to BMO and through posting at the BMO facilities in areas where postings are normally made.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to this allegation.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF FLSA

**ALLEGATION NO. 29:**

As and for a first claim for relief, Plaintiff, individually and on behalf of the Collective Overtime Class, re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

**ANSWER:**

Defendant re-asserts its responses to the allegations above.

**ALLEGATION NO. 30:**

Since September 2013, Plaintiff and the Collective Overtime Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER:**

Defendant admits that the FLSA applies to Plaintiff and the Collective Overtime Class but deny that Plaintiff and the Collective Overtime Class are owed any overtime or other relief thereunder.

**ALLEGATION NO. 31:**

BMO is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

**ANSWER:**

Deny.

**ALLEGATION NO. 32:**

Since September 2013, BMO is and was an employer of the Plaintiff and the Collective Overtime Class, as provided under the FLSA.

**ANSWER:**

Deny.

**ALLEGATION NO. 33:**

BMO violated the FLSA by failing to account for and pay Plaintiff and the Collective Overtime Class mandated overtime premium compensation for each hour that each class member worked each workweek.

**ANSWER:**

Deny.

### ALLEGATION NO. 34:

Plaintiff and the Collective Overtime Class are entitled to damages equal to mandated overtime premium pay within the three years prior to the filing of the complaint, plus periods of equitable tolling because BMO acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

### ANSWER:

Deny.

### ALLEGATION NO. 35:

BMO's failure to properly compensate Plaintiff and the Collective Overtime Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff and the Collective Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

### ANSWER:

Deny.

### ALLEGATION NO. 36:

Alternatively, should the Court find that BMO did not act willfully in failing to pay mandated overtime premium wages, Plaintiff and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

### ANSWER:

Deny.

### ALLEGATION NO. 37:

Pursuant to 29 U.S.C. § 216(b), if successful, Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in prosecuting this lawsuit for unpaid overtime premium compensation.

### ANSWER:

Deny.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF WISCONSIN WAGE CLAIM LAW

**ALLEGATION NO. 38:**

As and for a second claim for relief, Plaintiff, individually and on behalf of the Collective Overtime Class, re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

**ANSWER:**

Defendant re-asserts its responses to the allegations above.

**ALLEGATION NO. 39:**

Since September 2013, Plaintiff and the Collective Overtime Class were employees within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01.

**ANSWER:**

Admit.

**ALLEGATION NO. 40:**

Since September 2013, BMO was an employer within the meaning of Wis. Stat. § 109.01.

**ANSWER:**

Deny.

**ALLEGATION NO. 41:**

Since September 2013, BMO was an employer within the meaning of Wis. Stat. § 103.001.

**ANSWER:**

Deny.

CHICAGO/#2647365.2

Case 2:14-cv-01418-PP    Filed 01/05/15    Page 12 of 18    Document 12

**ALLEGATION NO. 42:**

Since September 2013, BMO was an employer within the meaning of Wis. Stat. § 104.01.

**ANSWER:**

Deny.

**ALLEGATION NO. 43:**

Since September 2013, BMO was an employer within the meaning of Wis. Admin Code DWD 272.01.

**ANSWER:**

Deny.

**ALLEGATION NO. 44:**

Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Stat. § 109.01 *et seq.*

**ANSWER:**

Deny.

**ALLEGATION NO. 45:**

Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Stat. § 103.01 *et seq.*

**ANSWER:**

Deny.

**ALLEGATION NO. 46:**

Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Stat. § 104.01 *et seq.*

**ANSWER:**

Deny.

**ALLEGATION NO. 47:**

Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Admin Code DWD 272.01 *et seq.*

**ANSWER:**

Deny.

**ALLEGATION NO. 48:**

Since September 2013, BMO has employed and/or continues to employ Plaintiff and the Collective Overtime Class within the meaning of Wis. Admin Code DWD 274.01 *et seq.*

**ANSWER:**

Deny.

**ALLEGATION NO. 49:**

Throughout the statutory period, Plaintiff and the Collective Overtime Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

**ANSWER:**

Deny.

**ALLEGATION NO. 50:**

At all relevant times, BMO had and continues to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs the mandated overtime compensation.

**ANSWER:**

Deny.

**ALLEGATION NO. 51:**

Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

**ANSWER:**

Admit.

**ALLEGATION NO. 52:**

The foregoing conduct constitutes continuing, willful violations of Wisconsin law requiring the payment of overtime wages.

**ANSWER:**

Deny.

**ALLEGATION NO. 53:**

Plaintiffs have sustained losses in their compensation as a proximate result of BMO's violations of Wisconsin law.

**ANSWER:**

Deny.

**ALLEGATION NO. 54:**

Accordingly, Plaintiffs seek damages in the amount of their respective unpaid compensation, injunctive relief requiring BMO to cease and desist from its violation of the Wisconsin law described herein and to comply with it, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Collective Overtime Class may be entitled to exemplary damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:**

Deny.

**ALLEGATION NO. 55:**

Plaintiff and the Collective Overtime Class seek recovery of attorneys' fees and the costs of this action to be paid by BMO, pursuant to Wisconsin law.

**ANSWER:**

Defendant denies that Plaintiff and the Collective Overtime Class are entitled to recovery of fees and costs, but admits the other allegation.

### Additional Defenses

1.  Each claim fails to state a claim upon which relief can be granted.

2.  Plaintiff and the claims of any and all collective and/or class action members are exempt from overtime under the FLSA and all applicable state wage/hour laws.

3.  Plaintiff and all collective and/or class action members have not carried their burden of showing that Defendants willfully violated the FLSA for purposes of enlarging the limitations period. 29 USC § 255(a).

4.  Claims by Plaintiff and any and all collective and/or class action members are barred under state wage hour laws to the extent the state statute of limitations has expired on their claims.

5.  Claims for liquidated damages under the FLSA by Plaintiff and any and all collective and/or class action members are barred because Defendants acted in good faith and with reasonable grounds for believing that its conduct was lawful.

6.  Plaintiff's claims and the claims of any and all collective and/or class action members against BMO Financial Corp. are barred because these individuals are not employees of BMO Financial Corp.

Wherefore, Defendant BMO Financial Corp. requests that this action and all claims be dismissed with prejudice and that Defendant be awarded such other relief as the court deems appropriate.

        BMO FINANCIAL CORP.

        By: s/ Bruce R. Alper
            One of Its Attorneys

Bruce R. Alper
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 (312) 609 7500

Dated: January 5, 2015

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing ANSWER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Alan C. Olson
>Jennifer J. Allen
>Alan C. Olson & Associates, S.C.
>2880 S. Moorland Rd.
>New Berlin, WI  53151

on January 5, 2015.

s/ Bruce R. Alper